# Exhibit B



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 21, 2012

ORIGINAL

ORIGINAL
Cowt. Ex. 2

Amy Attias, Esq.
4 North Ledge Loop
Croton-on-Hudson, New York 10520

Re: *United States v. Torrell M. Saxon*, S1 12 Cr. 320 (ER)

Dear Ms. Attias:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Torrell Saxon ("the defendant") to the above-referenced Information.

Count One charges the defendant with distributing and possessing with intent to distribute a controlled substance, in particular, Oxycodone, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(c). Count One carries a maximum term of imprisonment of twenty years; a maximum term of supervised release of life; a mandatory minimum term of supervised release of three years; a maximum fine, pursuant to Title 21, United States Code, Section 841(b)(1)(c) and Title 18, United States Code, Section 3571, of the greatest of $1,000,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

Count Two charges the defendant with distributing and possessing with intent to distribute controlled substances, in particular, Alprazolam and Clonazepam, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(E)(2). Count Two carries a maximum term of imprisonment of five years; a maximum term of supervised release of life; a mandatory minium term of supervised release of one year; a maximum fine, pursuant to Title 21, United States Code, Section 841(b)(1)(E)(2) and Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

In addition to the foregoing, the Court may order restitution in accordance with Sections 3663 and 3664 of Title 18, United States Code.

The total maximum term of imprisonment on Counts One and Two is twenty-five years.

03.30.2012

In consideration of the defendant's plea to the above offenses, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations as to which this Office cannot, and does not, make any agreement) for (i) distributing and possessing with intent to distribute Oxycodone between in or about 2010 and in or about March 2012, as set forth in Count One of Information S1 12 Cr. 320; (ii) distributing and possessing with intent to distribute Alprazolam and Clonazepam on or about August 13, 2010, as set forth in Count Two of Information S1 12 Cr. 320; and (iii) possession of a firearm on or about March 25, 2012, as set forth in Count One of Indictment 12 Cr. 320, it being understood that this Agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 6B1.4, the parties hereby stipulate to the following:

    A.    Offense Level

1. The Guidelines Manual in effect as of November 1, 2012 applies to the offense conduct.

2. Pursuant to U.S.S.G. § 4B1.1(a), the defendant is a career offender because (1) the defendant was at least eighteen years old at the time the defendant committed the instant offenses of conviction; (2) the instant offenses of conviction are felonies that are controlled substance offenses; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense, to wit, the prior felony convictions described below in Paragraphs B(1), B(2), and B(3). Pursuant to U.S.S.G. § 4B1.1(b), the defendant's offense level is the greater of the offense level set forth in § 4B1.1(b) and the offense level otherwise applicable. Accordingly, the defendant's offense level must be calculated without reference to § 4B1.1, and compared to the defendant's offense level pursuant to § 4B1.1.

3. Pursuant to U.S.S.G. § 3D1.2(d), because the controlled substance offenses charged in Count One and Count Two are both covered by U.S.S.G. § 2D1.1, Counts One and Two are grouped together into a single group (the "Group").

4. Pursuant to U.S.S.G. § 3D1.3(b), the offense level applicable to the Group is the offense level corresponding to the aggregated quantity, determined in accordance with Chapter Two and Parts A, B and C of Chapter Three of the Guidelines.

5. With respect to Count One, the defendant possessed with intent to distribute 100 OxyContin pills and 200 Percocet pills. Each OxyContin pill contained 10 milligrams of

Oxycodone, and each Percocet pill contained 5 milligrams of Oxycodone. This results in a total of 2000 milligrams, or 2 grams, of Oxycodone. Pursuant to U.S.S.G. § 2D1.1 commentary note 8(D), for purposes of calculating the offense level under U.S.S.G. § 2D1.1, 2 grams of Oxycodone are equivalent to 13.4 kilograms of marihuana.

6. With respect to Count Two, the defendant possessed with intent to distribute 1 tablet of Alprazolam and 4 tablets of Clonazepam. Pursuant to U.S.S.G. § 2D1.1 commentary note 8(D), because Alprazolam and Clonazepam are both Schedule IV substances, the five tablets are equivalent, for sentencing purposes, to .3125 grams of marihuana.

7. Accordingly, pursuant to U.S.S.G. § 2D1.1(c)(12), because the defendant possessed with intent to distribute the equivalent of at least 10 kilograms but less than 20 kilograms of marihuana, the base offense level for Counts One and Two is 16.

8. The parties disagree as to whether the defendant possessed a firearm on or about March 25, 2012 and therefore the offense level should be increased by 2 pursuant to U.S.S.G. § 2D1.1(b)(1) because the defendant possessed a firearm. The Government reserves the right to argue that the defendant possessed a firearm on or about March 25, 2012, and to argue that the 2-level enhancement is applicable. The defendant reserves the right to argue that he did not possess a firearm on or about March 25, 2012, and to argue that the 2-level enhancement is inapplicable.

9. If the 2-level enhancement for possession of a firearm does not apply, the offense level is 16. If the 2-level enhancement for possession of a firearm does apply, the offense level is 18. However, pursuant to U.S.S.G. § 4B1.1(b)(3), because the defendant is a career offender and because the maximum authorized term of imprisonment for Count One (the count with the greatest statutory maximum) is 20 years, the offense level is 32.

10. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, an additional 1-level reduction is warranted, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 29.

B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant's criminal history is as follows:

1.      The defendant was convicted on or about October 25, 1996, in New York State Supreme Court, New York County, of criminal sale of a controlled substance in the third degree, in violation of New York Penal Law § 220.39(1), and was sentenced to one to three years imprisonment. Pursuant to U.S.S.G. § 4A1.1(a), this conviction results in three criminal history points.

2.      The defendant was convicted on or about October 18, 2000, in New York State Supreme Court, Bronx County, of robbery in the first degree, in violation of New York Penal Law § 160.15(3), and was sentenced to eight years imprisonment. Pursuant to U.S.S.G. § 4A1.1(a), this conviction results in three criminal history points.

3.      The defendant was convicted on or about August 23, 2000, in New York State Supreme Court, New York County, of robbery in the first degree, in violation of New York Penal Law § 160.15(3), and was sentenced to eight years imprisonment. Pursuant to U.S.S.G. § 4A1.1(a), this conviction results in three criminal history points.

4.      The defendant was convicted on or about November 13, 2003, in Wyoming County Court, Wyoming County, of attempting to make or possess dangerous contraband in prison in the first degree, in violation of New York Penal Law § 205.25(2), and was sentenced to eighteen months to three years imprisonment. Pursuant to U.S.S.G. § 4A1.1(a), this conviction results in three criminal history points.

5.      In accordance with the above, the defendant's Criminal History Category is V. However, pursuant to U.S.S.G. § 4B1.1(b), because the defendant is a career offender his criminal history category is VI.

C.      Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 151 to 188 months imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 29, and pursuant to U.S.S.G. § 5E1.2(c)(3) and U.S.S.G. § 5E1.2(c)(4)(A), the applicable fine range is $15,000 to $1,000,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party suggest that the Probation Office consider such a departure or adjustment under the Guidelines, or suggest that the Court *sua sponte* consider any such departure or adjustment.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range, suggest that the Probation Office consider a sentence outside of the Stipulated Guidelines Range, and suggest that the Court *sua sponte* consider a sentence outside of the

Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (I) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); and (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (I) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the Stipulated Guidelines Range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 151 to 188 months' imprisonment and (ii) that the Government will not appeal any sentence within or

above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal any fine that is less than or equal to $1,000,000, and the Government agrees not to appeal any fine that is greater than or equal to $15,000.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady* v. *Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio* v. *United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

It is further agreed that should the conviction(s) following the defendant's plea(s) of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

The parties understand that this Agreement reflects the special facts of this case and is not intended as precedent for other cases.

    Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

                                                                   Very truly yours,

                                                                   PREET BHARARA
                                                                   United States Attorney

                              By: _____
                                      Michael Gerber
                                      Assistant United States Attorney
                                      (914) 993-1958

                                      APPROVED:

                                      _____
                                      Stephen Ritchin
                                      Chief, White Plains Unit

AGREED AND CONSENTED TO:

_____               12/21/12
TORRELL SAXON                                       DATE

APPROVED:

_____               12/21/12
Amy Attias, Esq.                                      DATE
Attorney for TORRELL SAXON