# Exhibit I

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :

       - v -                       :
                                        13 Cr. 142 (PAC)
                                   :
ALONZO JACKSON,
                                   :

            Defendant.             :

- - - - - - - - - - - - - - - - - - -x
```

**DEFENDANT ALONZO JACKSON'S MOTION FOR A PRETRIAL
RULING THAT HE IS NOT SUBJECT TO THE SENTENCING
ENHANCEMENTS OF 18 U.S.C. § 924(e)**

 

FEDERAL DEFENDERS OF NEW YORK, INC.
Attorney for Defendant
**ALONZO JACKSON**
52 Duane Street - 10th Floor
New York, New York  10007
Tel.: (212) 417-8792

**JONATHAN MARVINNY, ESQ.**
  Of Counsel


TO:  **PREET BHARARA, ESQ.**
     United States Attorney
     Southern District Of New York
     One St. Andrew's Plaza
     New York, New York  10007
     Attn: NEGAR TEKEEI, Esq.
           Assistant United States Attorney

**NOTICE OF MOTION**

Defendant Alonzo Jackson moves the Court for a ruling that he is not subject to the sentencing enhancements of 18 U.S.C. § 924(e) on the ground that none of his prior convictions constitutes a "serious drug offense."

**BACKGROUND**

After an incident on January 15, 2013, Alonzo Jackson was arrested by the NYPD and charged by the Bronx County District Attorney's Office with, inter alia, possession of a firearm. Shortly thereafter, the United States Attorney's Office for the Southern District of New York initiated a federal prosecution for the same conduct, charging Mr. Jackson by complaint with one count of being a felon-in-possession of a firearm under 18 U.S.C. § 922(g)(1). See Complaint. The complaint did not allege that Mr. Jackson was subject to the enhanced sentencing provisions of 18 U.S.C. § 924(e). See id. Mr. Jackson's Bronx County case was later dismissed in favor of the federal prosecution.

Mr. Jackson was subsequently indicted on one count of 18 U.S.C. § 922(g)(1). See Indictment. The indictment further alleges that Mr. Jackson is subject to the enhanced sentencing provisions of 18 U.S.C. § 924(e).[1] Id. According to the

---

[1] In other words, the indictment alleges that Mr. Jackson is a so-called "Armed Career Criminal."

1

government, Mr. Jackson is subject to § 924(e) because of various prior New York State convictions for drug offenses under New York Penal Law Section 220.39. As discussed in this motion, however, the allegation that Mr. Jackson's prior drug offenses subject him to § 924(e) is based on an incorrect understanding of the law: Mr. Jackson actually has no prior offense that qualifies as a "serious drug offense" under § 924(e). Accordingly, in order to permit Mr. Jackson to make a knowing and intelligent decision on how to proceed with his case, the Court should rule that Mr. Jackson is not subject to § 924(e)'s sentencing enhancements.

**ARGUMENT**

**The Court should rule that Alonzo Jackson is not subject to the sentencing enhancements of 18 U.S.C. § 924(e).**

Alonzo Jackson's case presents a question expressly left unaddressed by the Supreme Court in McNeill v. United States, 131 S. Ct. 2218 (2011). The Court in McNeil held that district courts generally should apply the sentencing laws in place at the time of a defendant's prior conviction when determining whether that prior conviction qualifies as a "serious drug offense" under 18 U.S.C. § 924(e). 131 S. Ct. at 2220. But, in a footnote, the Court made clear that it did not intend its holding to apply to cases where a state has subsequently lowered

2

its maximum penalty for a particular offense and made that reduced penalty available to defendants previously convicted of that offense. Id. at 2224 n.1 ("We do not address whether or under what circumstances a federal court could consider the effect of that state action."). That is exactly the situation in Mr. Jackson's case.

Mr. Jackson was convicted of several felony drug offenses in New York State – convictions which the government believes now make him subject to § 924(e) – at a time when New York's sentencing scheme for drug offenses was needlessly draconian. Last decade, the New York legislature overhauled the State's drug laws in recognition of the fact that they were unduly harsh, antiquated, and fundamentally unjust. Crucially for Mr. Jackson's argument here, the legislature made those sentencing reforms available to defendants like Mr. Jackson who had committed their offenses prior to the reforms' implementation.

After considering the ameliorative changes to New York's drug laws, the Court should conclude that the maximum penalty for all of Mr. Jackson's prior drug offenses is nine years, and should therefore find that none of them is a "serious drug offense" under § 924(e). The Court should then rule that Mr. Jackson is not subject to the enhanced sentencing provisions of § 924(e), so that he may properly be advised of the maximum possible penalty he faces on the § 922(g) count and whether he

3

is subject to any mandatory minimum penalty. See, e.g., United States v. Sanders, 1988 WL 107377, *1 (N.D. Ill. Oct. 4, 1988) ("Because the defendant must be aware of the possible sentence to be imposed in order to plead intelligently, the Court's ruling on his motion [to have the Court determine whether his prior convictions subject him to § 924(e)] will not be an advisory opinion but rather is ripe for decision at this time."); cf. United States v. Santana, 761 F. Supp. 2d 131, 141 (S.D.N.Y. 2011) ("There is certainly a viable argument that a question of law relating to a defendant's potential mandatory minimum sentence must be resolved prior to trial in the case of a Defendant considering a guilty plea, both because Federal Rule of Criminal Procedure 11 requires the Court to advise the defendant before accepting a plea of 'any mandatory minimum penalty,' and because of the requirement that a plea is only valid if knowingly and intelligently made.") (citing Sanders) (internal citation omitted).

A. **"Serious drug offenses" and § 924(e)'s sentencing enhancements**

§ 924(e)(1) provides that a person who violates § 922(g) and has three previous convictions for either a "violent felony" or a "serious drug offense," or both, committed on different dates, shall be sentenced to a mandatory minimum term of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). A person subject to

4

§ 924(e)'s enhanced sentencing provisions faces a maximum of life in prison. On the other hand, a person convicted of violating § 922(g) who is not subject to § 924(e)'s enhanced sentencing provisions faces a maximum of ten years' imprisonment, and no mandatory minimum prison time. See 18 U.S.C. § 924(a)(2).

Mr. Jackson has never been convicted of any crime of violence, much less a "violent felony" as that term is defined in § 924(e)(2)(B). Instead, the government alleges that Mr. Jackson is subject to § 924(e)'s sentencing enhancements because he has committed at least three "serious drug offenses." But the government is wrong. § 924(e)(2)(A) defines a "serious drug offense" as a violation of certain enumerated federal drug offenses or "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." Under this definition, none of Mr. Jackson's prior convictions qualifies as a "serious drug offense."

**B. Mr. Jackson's prior offenses and New York's ameliorative changes to its drug laws**

Mr. Jackson, who has never been convicted of any crime of violence, much less a "violent felony" as defined in § 924(e)(2)(B), has four prior convictions for criminal sale of

5

a controlled substance in the third degree under New York Penal Law Section 220.39, a Class B felony:

i. Mr. Jackson's first conviction was for a September 9, 1990 sale of cocaine in Queens (N13269-90) for which he was sentenced to sixteen months to four years' imprisonment.

ii. His second conviction was for a September 25, 1990 sale of heroin in Queens (N13049-90) for which he received a concurrent sentence of sixteen months to four years. After pleading guilty, he was sentenced on the same day in 1991 for both cases.

iii. His third conviction was for a December 15, 2003 sale of cocaine in Manhattan (1713-2004) for which he was sentenced to one to three years' imprisonment.

iv. His final conviction was for a January 14, 2005 sale of cocaine in Manhattan (SCI-213N-05) for which he was sentenced to a one-year definite sentence. On these two Manhattan cases, he was sentenced just days apart in 2005.[2]

See Criminal History of Alonzo Jackson (Ex. A); Certificates of Disposition (Ex. B).

The maximum penalty for a Class B felony drug offense under current New York State Law is nine years. N.Y. Penal Law § 70.70(2)(a)(i) (McKinney's 2012) (authorizing a sentence of between one and nine years). An individual convicted of a subsequent Class B felony drug offense within ten years of a previous felony faces a sentence of imprisonment of two to

---

[2] The sentencing Court in SCI-213N-05 ordered the one-year definite sentence to run consecutively to the one to three year sentence imposed on 1713-04. However, since the one-year sentence was a "definite" (as opposed to a "determinate") sentence, those two sentences "merged" as a matter of law. See N.Y. Penal Law § 70.35 (McKinney's 2012). Accordingly, Mr. Jackson's aggregate sentence on cases (iii) and (iv) was one to three years imprisonment.

twelve years as a "second felony drug offender." N.Y. Penal Law §§ 70.06, 70.70(1)(b) and (3)(b)(i) (McKinney's 2012).

The conduct that led to Mr. Jackson's first three felony drug convictions predated the date of implementation of New York's reforms to the so-called Rockefeller Drug Laws, which had been promulgated in 1974. Through a series of amendments to the New York State Penal Law, Criminal Procedure Law, and Corrections Law, the legislature implemented statutory changes "designed to ameliorate the harsh sentences previously mandated for non-violent drug offenders convicted of drug felonies." New York v. Danton, 27 Misc. 3d 638, 643 (N.Y. Sup. Ct. 2010). The initial change came with the Drug Law Reform Act of 2004 (the "DLRA"). In 2005, the legislature further amended the law with the DLRA-2, an act that expanded the ameliorative provisions of the DLRA.

In 2009, the DLRA-3 created additional remedial provisions and made them available to individuals convicted of Class B felonies. Now, as codified in New York Criminal Procedure Law Section 440.46, individuals whose conduct predated the effective date of the DLRA could avail themselves of the new resentencing provisions. See id. at 642-44. Together, these changes to the law reduced the maximum penalties applicable to drug felonies and made those reduced penalties available to defendants previously convicted and sentenced for drug felonies. For

7

example, Criminal Procedure Law Section 440.46(1) expressly provided that individuals who were serving previously-imposed sentences for Class B drug felonies committed prior to the 2005 effective date of the initial drug law reforms were eligible to apply for resentencing.

Based on current New York law, Mr. Jackson has no prior drug conviction for which he faced a maximum sentence of ten years or more in prison. This is so because each of his four prior Class B felony drug convictions is considered a "first felony drug offense" under the law, and so would have a maximum sentence of only nine years.[3] Accordingly, none of his four prior drug offenses constitutes a "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(2)(A).

**C.    The Court should apply New York's post-reform sentencing scheme to Mr. Jackson's prior convictions when determining whether they count as "serious drug offenses."**

In <u>McNeill v. United States</u>, 131 S. Ct. 2218 (2011), the Supreme Court considered whether a federal court should look to

---

[3] A defendant is considered a "second felony drug offender" only if he committed the instant drug offense after having been sentenced on a prior felony within the previous ten years. <u>See</u> N.Y. Penal Law §§ 70.06 and 70.70(1)(b) and (3)(b)(i) (McKinney's 2012). In Mr. Jackson's case, none of his four convictions meets that criterion. He committed the offense for conviction (ii) before he was sentenced on conviction (i), meaning that both of those convictions are considered first felony drug offenses. Similarly, he committed the offense for conviction (iv) before he was sentenced on conviction (iii). And, since he committed the offenses for both convictions (iii) and (iv) more than ten years after his sentence on convictions (i) and (ii) expired, both convictions (iii) and (iv) are considered first felony drug offenses.

8

current state sentencing law or to state sentencing law as it existed at the time of a defendant's prior conviction in determining the applicability of 18 U.S.C. § 924(e). On the facts of that case, the Court held that a federal court should determine the maximum sentence for a prior state drug offense by looking at the sentencing regime in place at the time of conviction. 131 S. Ct. at 2220. The Court made clear, however, that the "case [did] not concern a situation in which a State subsequently lowers the maximum penalty applicable to an offense and makes that reduction available to defendants previously convicted and sentenced for that offense." Id. at 2224 n.1. Accordingly, the Court "[did] not address whether or under what circumstances a federal court could consider the effect of that state action." Id.

At the time of his federal case, McNeill had two prior convictions for violent felonies and six drug trafficking convictions. He argued that he was not subject to the enhanced sentencing provisions of 18 U.S.C. § 924(e) because the state drug offenses for which he had been convicted no longer carried a maximum prison sentence of ten years or more. At the time he committed those offenses, however, they did carry a ten-year maximum sentence and, in fact, McNeill had been sentenced to ten years. See id. at 2221. The changes to the North Carolina

9

statute did not apply to crimes committed before its enactment, as McNeill's had been. Id.

The Supreme Court was unable to accept McNeill's reading of the statute in part because it would have meant that he had been sentenced to ten years on a statute that carried a maximum allowable sentence of only thirty or thirty-eight months. "We find it hard to accept the proposition that a defendant may lawfully [have] be[en] sentenced to a term of imprisonment that exceed the maximum term of imprisonment . . . prescribed by law." Id. at 2222 (quoting United States v. Rodriguez, 553 U.S. 377, 383 (2008) (internal quotation marks omitted)); see also United States v. Simmons, 649 F.3d 237, 245 n.6 (4th Cir. 2011) ("[C]rucial to the McNeill holding was the fact that North Carolina courts actually sentenced [McNeill] to ten years in prison.") (internal quotation marks omitted).

In contrast to McNeill's situation, Mr. Jackson's case fits squarely within footnote one of McNeill. Subsequent to Mr. Jackson's state convictions, New York amended its laws to provide several ameliorative provisions to individuals convicted of Class B drug felonies, including lowering the maximum penalty for first offenses to nine years. Moreover, these ameliorative provisions, including the option for resentencing, were made available to individuals like Mr. Jackson whose conduct took place prior to the enactment of the reforms.

10

Relying on current New York law to determine whether Mr. Jackson's prior felony drug convictions constitute convictions for "serious drug offenses" pursuant to 18 U.S.C. § 924(e) would not lead to any of the problems that concerned the McNeill Court. Mr. Jackson has never been sentenced to any period of imprisonment with a maximum term longer than four years. His prior sentences all fall squarely within the current Class B felony drug offense sentencing range of one to nine years. Unlike in McNeill, relying on current New York law would not lead to the "contort[ed]" result of a defendant having been sentenced to a term of imprisonment that exceeded the maximum prescribed by law.

The overwhelming sentiment expressed by the New York legislature in affecting the changes to the Rockefeller Drug Laws was that the old laws – and their maximum sentences – overstated the culpability and dangerousness of prior convictions like Mr. Jackson's Class B felony drug offenses. See United States v. Darden, 539 F.3d 116, 127 (2d Cir. 2008) ("The Rockefeller Drug Laws allow non-violent drug offenders to be more severely punished than rapists. We need to change that. Let's reform these antiquated laws.") (quoting Governor's State of the State Address, delivered January 7, 2004, 2004 McKinney's Session Law News of N.Y., No. 1 at a-14 (April 2004)); United States v. Hammons, 438 F. Supp. 2d 125, 128

11

(E.D.N.Y. 2006) (explaining the view of the legislature that the Rockefeller Drug Laws provided "inordinately harsh punishment for low level non-violent drug offenders" and "misdirect[ed] public funds for the incarceration of these offenders") (quoting the New York Sponsors Memorandum, Ch. 738 (2004)).

By making these changes in the law available to defendants like Mr. Jackson whose conduct predated the amendments, the legislature "confirm[ed] that, in the state's view, the new policy of lowered sentences should be made available to everyone convicted of these drug offenses, no matter when the offenses were committed." Darden, 539 F.3d at 127. In other words, the reformed laws reflect "the state's current normative judgment about the seriousness of these offenses and this normative judgment plainly applies to past crimes as well as new crimes." Id. at 128.

**D.    The Court should rule that § 924(e) does not apply in this case.**

For the reasons discussed, the Court should rule that Mr. Jackson is not subject to the enhanced sentencing provisions of 18 U.S.C. § 924(e). A ruling from the Court at this stage of the case would not be an advisory opinion, but, rather, would inform Mr. Jackson of the maximum sentence he actually faces as well as whether he is faces a mandatory minimum penalty. See, e.g., United States v. Sanders, 1988 WL 107377, *1 (N.D. Ill. Oct. 4,

12

1988). In order to receive the effective assistance of counsel, and for counsel to adequately advise Mr. Jackson of his options, the defense needs to know whether Mr. Jackson is facing a sentencing range of zero to ten years for violating 18 U.S.C. § 922(g) or whether he is facing a range of fifteen years to life pursuant to 18 U.S.C. § 924(e).

Not only must counsel be able to advise Mr. Jackson of the possible sentence he faces, the Court must advise him on this point prior to accepting any guilty plea. See id. Rule 11 of the Federal Rules of Criminal Procedure requires the Court to "inform the defendant of, and determine that the defendant understands" both "any maximum possible penalty, including imprisonment," see Fed. R. Crim. P. 11(b)(1)(H), and "any mandatory minimum penalty," see Fed. R. Crim. P. 11(b)(1)(I). In order to ensure that Mr. Jackson is aware of, and understands, the maximum possible penalty he faces as well as any mandatory minimum penalty that may apply, the defense requests that the Court determine whether Mr. Jackson is subject to the enhanced sentencing provisions of 18 U.S.C. § 924(e).

* * *

Dated:    New York, New York
          May 14, 2013

                              Respectfully submitted,
                              Federal Defenders of New York, Inc.



                         By:          /s/
                              **JONATHAN MARVINNY, ESQ.**
                              Attorney for Defendant
                              **ALONZO JACKSON**
                              52 Duane Street - 10th Floor
                              New York NY 10007
                              Tel.: (212) 417-8792

14